**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ROBBIN YVETTE MILLER**                                    **CIVIL ACTION**

**VERSUS**                                                            **No. 26-1156**

**CARRINGTON MORTGAGE SERVICES LLC**             **SECTION I**

## ORDER AND REASONS

Before the Court is *pro se* plaintiff Robbin Yvette Miller's ("plaintiff") motion for an *ex parte* temporary restraining order ("TRO") and preliminary injunction.[1] For the following reasons, the Court denies plaintiff's request for a TRO and dismisses her motion for a preliminary injunction, reserving plaintiff's right to renew her request for preliminary injunction after service on defendant Carrington Mortgage Services LLC ("defendant") is effected.

## I.    BACKGROUND

On May 29, 2026, plaintiff filed a verified complaint and "Emergency Motion for Temporary Restraining Order and Preliminary Injunction."[2] Plaintiff's motion requests that this Court enjoin defendant "from proceeding with any foreclosure sale, sheriff's sale, auction, seizure, eviction, or transfer of title to the immovable property located at 3534 Blair Street, New Orleans, Louisiana 70131" (the "property").[3]

Plaintiff is a resident of 9325 Friendswood Drive, Fort Worth, Texas. She asserts that she is the "lawful owner and successor in interest" of the property and

---

[1] R. Doc. No. 1.

[2] *Id.*

[3] *Id.* at ¶ 6.

that defendant is unlawfully attempting to assert "reverse mortgage and foreclosure rights . . . without possessing valid legal standing to do so."[4] According to plaintiff, defendant is a mortgage loan servicer that asserts it obtained rights to a "reverse mortgage" on the property after the original lender, Reverse Mortgage Funding, LLC ("RMF"), filed for bankruptcy and ceased operations.[5]

The previous property owner, Celestine G. Dobbs ("Dobbs"), plaintiff's mother, originated the loan with RMF prior to her death on August 15, 2024.[6] Plaintiff inherited the property after her mother's death and was not a party to this specific agreement.[7] According to plaintiff, despite her requests, defendant has not produced "the original promissory note," "a valid, recorded assignment of the mortgage and promissory note from" from RMF to defendant, "proof of authorization from the bankruptcy court or bankruptcy trustee . . . to enforce and assign said note," nor "any documentation establishing a complete, unbroken chain of title sufficient to confer standing to foreclose" on the property.[8]

During foreclosure proceedings that defendant initiated in Louisiana state court, plaintiff sought preliminary and permanent injunctive relief but was ultimately unsuccessful.[9] *See Carrington Mortg. Servs., LLC v. Est. of Dobbs*, No. 2025-0728, 2026 WL 1077631, at *1–2 (La. App. 4 Cir. Apr. 21, 2026). In state court,

---

[4] *Id*. at ¶ 6.
[5] *Id*. at ¶ 10.
[6] *Id*. at ¶¶ 5, 10.
[7] *Id*.
[8] *Id*. at ¶ 11.
[9] *Id*. ¶ 13. However, it appears that plaintiff initially successfully obtained a TRO from the state trial court on May 29, 2025. *See* R. Doc. No. 1-4, at 5.

plaintiff alleged that the reverse mortgage was not properly executed, that defendant "failed to provide adequate notice of default and demand as required by the U. S. Constitution and Louisiana law," and that defendant "did not adequately plead or prove its right to enforce the" mortgage promissory note and foreclosure. *Id.* The Louisiana Fourth Circuit Court of Appeal affirmed the trial court's denial of injunctive relief, finding that the defendant had complied with the applicable state law requirements, and that the documents that plaintiff asserted were missing were properly included in the executory process record. Further, the state appellate court allowed defendant to proceed with the executory foreclosure process. *Id.* at *4.

Plaintiff now brings the present lawsuit in federal court and asserts causes of action against defendant pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(b) and (f); the Garn-St. Germain Depository Institutions Act ("DIA"), 12 U.S.C. § 1701j-3; and for failing to establish a valid chain of title or standing to foreclose.[10]

Plaintiff requests injunctive relief, both temporary and preliminary, against defendant pursuant to Federal Rule of Civil Procedure 65.[11] She argues that she is likely to ultimately succeed on the merits because defendant has "violated" the law.[12] Plaintiff asserts that she faces the irreparable loss of her family home and inheritance, and that because defendant has violated the law and is attempting an

---

[10] *Id.* ¶¶ 14–29.
[11] *Id.* at 6.
[12] *Id.* at ¶ 31.

"unlawful foreclosure," the balance of hardships and public interest weigh in her favor.[13]

## II. Legal Standards

Federal Rule of Civil Procedure 65(b)(1) explains that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:"

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"The Rule 65(b)(1) criteria are strict requirements, not mere technicalities, that establish minimum due process." *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *3 (E.D. La. Oct. 16, 2020) (Ashe, J.) (internal modifications omitted).

The moving party must make "a clear showing that immediate and irreparable injury will result *before* the adverse party can be heard" for the court to issue a TRO *ex parte. CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 14-3625, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014). Mere speculation of harm is "not enough to clear the exacting threshold of immediate and irreparable injury to justify the issuance of an *ex parte* TRO." *Lindsey v. Texas*, No. 24-1212, 2025 WL 2677885, at *3 (N.D. Tex. Aug. 29, 2025), *report and recommendation adopted*, No. 24-1212, 2025 WL 2677389 (N.D. Tex. Sept. 18, 2025).

---

[13] *Id* at ¶¶ 32–34.

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs,[14] and "[p]reliminary injunctions are 'extraordinary remedies' only to be granted when the moving party establishes" the following four elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Texas Trib. v. Caldwell Cnty., Texas*, 121 F.4th 520, 525 (5th Cir. 2024). Plaintiff's failure to meet her burden on any element is enough for the Court to deny the request for a TRO or a preliminary injunction. *See Davis v. Thompson, No. 19-493, 2020 WL 5775147, at *1 (M.D. La. Sept. 28, 2020)* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990)) ("If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction."). Moreover, "[c]ourts have wide discretion with respect to whether to grant preliminary injunctions." *Jones v. Gusman*, No. 12-859, 2015 WL 5714619, at *2 (E.D. La. Sept. 28, 2015) (Africk, J.) (citing *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987)).

---

[14] TROs and preliminary injunctions are considered under the same standard. *See, e.g.*, *Alvarado v. Noem*, No. 25-1048, 2025 WL 1519124, at *1 (E.D. La. May 28, 2025) (Africk, J.) (utilizing the same four elements to determine if the plaintiff was entitled to a TRO). Accordingly, the authority the Court cites within this section is applicable to both plaintiff's request for a TRO and her request for a preliminary injunction.

### III.  ANALYSIS

Plaintiff's motion and verified complaint do not set forth specific facts showing that she will suffer an irreparable injury before defendant receives an opportunity to respond as Rule 65(b)(1)(A) requires. Accordingly, plaintiff has not satisfied her burden to establish that she is entitled to an *ex parte* TRO pursuant to Rule 65(b). *See Cajun Servs. Unlimited, LLC*, 2020 WL 10486334, at *5 ("Plaintiffs have not begun to carry their heightened burden under Rule 65(b)(1)(A) of showing that immediate and irreparable injury 'will result' in the short period needed for [the defendant] to respond."). A plaintiff's "noncompliance with Rule 65, alone, is sufficient for the Court to deny the motion." *Howell v. Lake Villas No. 2 Homeowners Ass'n*, No. 18-14332, 2019 WL 95472, at *1 (E.D. La. Jan. 3, 2019) (Africk, J.).

To show immediate and irreparable harm, plaintiff must demonstrate that she will likely suffer irreparable harm in the absence of preliminary relief. *Winter v. Nat. Res. Def Council*, 555 U.S. 7, 20 (2008). However, a "[s]pectulative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001), *abrogated on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024).

Although plaintiff alleges that defendant intends to institute foreclosure proceedings and an associated property sale, she has not alleged any specific facts indicating that such proceedings or sale are imminent. Plaintiff's conclusory statements that irreparable harm is imminent are not enough. *See Winch v. Freedom Mortg. Corp.*, No. CV 25-2469, 2026 WL 205630, at *3 (E.D. La. Jan. 27, 2026) (Ashe, J) (finding the plaintiff did not carry his "burden of demonstrating a substantial

6

threat that he will suffer immediate irreparable injury" from a foreclosure action absent "details about . . . a pending foreclosure sale . . . a notice of foreclosure . . . the date of a scheduled foreclosure or any evidence that the defendants have scheduled the property for foreclosure").

Further, if an injury can be "adequately compensated by money damages," then it is not irreparable. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). Plaintiff's bare assertion that an "unlawful" foreclosure sale of "her late mother['s]" home is irreparable "because no monetary award can fully compensate for such a loss" is unpersuasive and she fails to satisfy her burden.[15]

First, with respect to plaintiff's RESPA claims, the appropriate relief is clearly monetary damages and not injunctive relief. *See* 12 U.S.C. § 2605(f)(1) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure. . . any actual damages to the borrower . . . [and] any additional damages, as the court may allow . . . in an amount not to exceed $2,000.").

Second, losses associated with property are not *per se* an irreparable injury for which monetary damages are insufficient. *Chambless Enters., LLC v. Redfield*, 508 F. Supp. 3d 101, 120–21 (W.D. La. 2020) (finding that landlords' losses associated with "investment propert[ies]" did not constitute irreparable harm because it was possible to "recoup [the] investment loss through money damages"). Plaintiff has represented that she resides in Texas and she has not suggested that she seeks to inhabit the property. To the extent she intends to sell or lease the property, she can

---

[15] R. Doc. No. 1, at ¶ 32.

recoup the loss in value through monetary damages. *See id.* (citing *Mount Clemens Inv. Grp., L.L.C. v. Borman's Inc.*, No. 10-12679, 2010 WL 3998095, at *5 (E.D. Mich. Oct. 12, 2010)); *see also Hunt v. Bankers Tr. Co.*, 646 F. Supp. 59, 64 (N.D. Tex. 1986) (reasoning that the possibility of obtaining lower sale prices for assets disposed of through a foreclosure sale was not an irreparable harm because monetary damages from the affected sales could be assessed if the party prevails on the merits); *Simone v. N.V. Floresta, Inc.*, No. 98–0268, 1999 WL 429504, at *10–11 (S.D.N.Y. June 18, 1999) ("Property is not unique in the sense of being irreplaceable to this buyer who was merely investing in commercial real estate . . . Uniqueness in the sense of physical difference does not itself dictate the propriety of equitably relief."). As such, plaintiff has not satisfied her burden and has failed to set forth specific facts demonstrating that an irreparable injury will occur before defendant is afforded an opportunity to be heard.

Furthermore, this Court is prohibited from issuing an order that may enjoin, even indirectly, the parties' state-court foreclosure litigation. The Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, provides that:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131–32 (5th Cir. 1990). These exceptions are each construed narrowly and should not be broadened by "loose statutory construction." *Gibbs v. Lufkin Indus., Inc.*, 487 Fed. App'x. 916, 919 (5th Cir. 2012). As to the "necessary in aid of jurisdiction" exception, courts have found that it

applies "only where a state proceeding threaten[s] to dispose of property that form[s] the basis for federal in rem jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

*See id.* (quoting *Glass v. Finley*, 2019 WL 13172344, at *2 (W.D. La. Sept. 17, 2019)). State foreclosure proceedings, such as those plaintiff wishes to prevent here, are generally the kind of proceeding federal courts are prohibited from enjoining. Plaintiff has not presented the Court with sufficient evidence to determine whether it has the authority to enjoin any related state-court proceedings that plaintiff's requested relief may implicate.

Finally, as there is no evidence in the record indicating that defendant has been lawfully served with this lawsuit,[16] plaintiff's motion for a preliminary injunction is premature.[17] *See Young v. Kelly*, No. CV 20-2131, 2021 WL 673471 (E.D. La. Feb. 22, 2021) (Africk, J) ("Because the defendants had not been served with this

---

[16] Although plaintiff certified that she hand delivered her motion and verified complaint to defendant, R. Doc. No. 1, at 8, she has not effected valid service of her lawsuit. *See* Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint . . . Any person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)).

[17] Rule 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The Fifth Circuit has interpreted this requirement "to mean that 'where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.'" *PCI Transp., Inc. v. Fort Worth & Western Ry. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) (quoting *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996)).

lawsuit" plaintiff's motions for a TRO and preliminary injunction "were premature . . . until service was effected.").

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's *ex parte* motion[18] for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction is **DISMISSED WITHOUT PREJUDICE**, with a right to renew after service on defendant Carrington Mortgage Services LLC is effected.

New Orleans, Louisiana, June 2, 2026.

 

 

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 1.